UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

POLY-FLEX CONSTRUCTION, INC.,
a Texas corporation,

       Plaintiff,

          v.

NEYER, TISEO & HINDO, LTD., d/b/a NTH
CONSULTANTS, a Michigan corporation,

       Defendant.

Case No. 1:07-cv-1090

HONORABLE PAUL MALONEY

---

### Opinion and Order
### Dismissing the Case Without Prejudice for Lack of Subject-Matter Jurisdiction;
### Allowing Plaintiff to File an Amended Complaint that Establishes Complete Diversity

For the reasons that follow, the court determines that plaintiff Poly-Flex Construction, Inc.,

("Poly-Flex") has not satisfied its burden of pleading facts sufficient to establish federal jurisdiction.

Accordingly, the complaint will accordingly be dismissed without prejudice, with leave to amend

within a specified time to attempt to correct the deficiency.

Court's Right and Duty to Independently Examine Jurisdiction

The United States Supreme Court and our Circuit recently reaffirmed a district court's right

and obligation to independently examine whether it has jurisdiction, without a motion or request

from a party:

> The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule
> Civ. Proc. 12(b)(1), *may be raised* by a party, or *by a court on its own initiative*, *at
> any stage of the litigation*. .. .  Rule 12(h)(3) instructs: "Whenever it appears by
> suggestion of the parties or otherwise that the court lacks jurisdiction, the court shall
> dismiss the action."

*American Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 539 (6th Cir. 2007) (footnote

omitted) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004))), *pet. cert. filed on other grounds*, 76 U.S.L.W. 3305 (Nov. 27, 2007) (No. 07-721).  *See, e.g., Wagenknecht v. US*, 509 F.3d 729 (6th Cir. 2007) (Keith, Griffin, <u>D.J. Van Tatenhove</u>) (affirming district court's *sua sponte* dismissal without prejudice of certain claims for lack of subject-matter jurisdiction); *Probus v. Charter Communications, LLC*, 234 F. App'x 404, 405 (6th Cir. 2007) (plaintiff's failure to move to remand to state court did not preclude district court *sua sponte* examining whether federal jurisdiction existed) ("Because we find that the district court entertained jurisdiction of this case in the absence of complete diversity, we vacate the district court's judgment and remand the case to the district court so that it may resolve the issue of fraudulent joinder in order to determine whether there was complete diversity.").

<u>Apparent Absence of Federal-Question Jurisdiction.</u>

Title 28 U.S.C. § 1331 provides that the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This court may exercise such federal-question jurisdiction only if the well-pleaded allegations of the complaint, not any potential defenses, arise under federal law – this is the so-called well-pleaded complaint rule. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc) (Batchelder, J., joined by Griffin, J., et al.) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)), *pet. cert. filed on other grounds* (Jan. 18, 2008) (No. 07-961).

Poly-Flex's four-count complaint does not assert any cause of action even arguably arising under federal law.  Count one asserts a claim for breach of contract, while count two asserts a claim for negligence, namely, "failing to exercise ordinary and reasonable care in performing the construction quality assessment and by negligently issuing a Certificate of Acceptance when in fact

-2-

the work was not performed in accordance with the plans and specifications . . . ."  *See* Comp. ¶¶ 20-26.  Counts three and four seek contractual and equitable indemnification, respectively.  *Id.* ¶¶ 27-36.

Counts three and four effectively seek declaratory relief, namely, a declaration that NTH has a contractual and equitable duty to indemnify Poly-Flex for the damages suffered as a result of NTH's alleged breach of the CQA contract (including about $600,000 that Poly-Flex paid Landfill as reimbursement for environmental investigation and remediation costs).  *See* Comp. ¶¶ 30 and 36. The federal Declaratory Judgment Act, 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." But it is well established that § 2201 does not create an independent cause of action.  *Davis v. US*, 499 F.3d 590, 594 (6th Cir. 2007) (Gilman, Griffin, & D.J. Ackerman) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (holding that by passing the Declaratory Judgment Act, "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.")).  A federal court must have jurisdiction on some other basis before a plaintiff can invoke the Declaratory Judgment Act.  *Davis*, 499 F.3d at 594 (citing *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007)).  Thus, Poly-Flex's effective invocation of the Declaratory Judgment Act in counts three and four, on its own, cannot provide a basis for federal-question jurisdiction.

There are two relevant exceptions to the well-pleaded complaint rule of federal-question jurisdiction.  One exception provides that federal-question jurisdiction exists "'when a federal statute wholly displaces the state-law cause of action through complete preemption.'"  *Mikulski*, 501 F.3d at 560 (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8).  Another exception provides that federal-

question jurisdiction exists "'where the vindication of a right under state law necessarily turns on construction of federal law.'"  *Mikulski*, 501 F.3d at 560 (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)).  Neither the complete-preemption exception nor the substantial-federal-question exception to the well-pleaded complaint rule appears to apply here.[1]

<u>Insufficient Factual Allegations to Determine Existence of Diversity Jurisdiction</u>

In short, it appears that this court does not have federal-question jurisdiction.  Absent federal-question jurisdiction, this court cannot proceed to the merits of the case unless it has diversity jurisdiction.  As the plaintiff, Poly-Flex has the burden of establishing diversity jurisdiction.  *Certain Interested Underwriters at Lloyd's London v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citing*, inter alia*, FED. R. CIV. P. 8(a) and *Ohio Nat'l Life Ins. Co. v. US*, 922 F.2d 320, 326 (6th Cir. 1990)).

Title 28 U.S.C. § 1332 authorizes district courts to exercise diversity jurisdiction only when there is *complete* diversity of citizenship.  *Probus v. Charter Communications, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).  Complete diversity exists only when no plaintiff and no defendant are citizens of the same state.  *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)).

The general rule is that for the purpose of determining diversity jurisdiction and removability, a corporation is deemed to be a citizen both of any state where it is incorporated and

---

[1]

There is a third exception to the well-pleaded-complaint rule of federal-question jurisdiction, but it applies only in the removal context.  Under the artful-pleading doctrine, "plaintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'"  *Mikulski*, 501 F.3d at 560 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)).  Poly-Plex originally filed this case in this court; it was not removed here from state court.

the state where it maintains its principal place of business.[2]  28 U.S.C. § 1332(c)(1).  Poly-Flex's

complaint alleges that it is a Texas corporation, Comp. ¶ 1, but it does not specify where it maintains

its principal place of business.  Likewise, the complaint alleges that NTH is a Michigan corporation,

Comp. ¶ 2, but it does not specify where it believes NTH maintains its principal place of business.

*Cf. American Nat'l Fire Ins. Co. v. Mirasco, Inc.*, No. 99-cv-12405, 2000 WL 1368009, *2

(S.D.N.Y. Sept. 20, 2000) (requiring corporate plaintiffs to amend complaint to sufficiently allege

facts establishing their own citizenship) (citing *Advani Enters., Inc. v. Underwriters at Lloyds*, 140

F.3d 157, 160 (2d Cir. 1998) (allegation that corporation has "an office" in New York was

insufficient to establish that New York was its principal place of business)).

     It is not enough for Poly-Flex to allege that it has "an address of . . . Grand Prairie, Texas"

or that NTH has "a registered address of . . . Detroit, Michigan," Comp. ¶¶ 1-2.  "A document listing

a corporate defendant's business address is wholly insufficient to establish either its place of

incorporation or *its principal place of business. . . .*"  *Barlow v. K.L. Harring Transp.*, No. 06-cv-

14313, 2006 WL 3104705, *1 (E.D. Mich. Oct. 31, 2006) (Cleland, J.) (citing *Johnson v. Pharmacia

& Upjohn Co.*, No. 4:99-cv-96, 1999 WL 1005653, *4 (W.D. Mich. Oct. 12, 1999) (Quist, J.));

*accord Smith v. Intex Recreation Corp.*, 755 F. Supp. 712 (M.D. La. 1991) (allegation that defendant

corporation was a California corporation having business at a particular address in California was

not sufficient to establish citizenship for purpose of diversity, so plaintiff was required to amend the

complaint), *aff'd w/o op.*, No. 93-03232, 15 F.3d 180, 1994 WL 24927 (5th Cir. Jan. 7, 1994);

*Lindsey v. Rice*, No. Civ. A-05-219, 2005 WL 3275918, *2 (D.D.C. Sept. 25, 2005) (defendant's

---

[2]

     If Poly-Flex timely files an amended complaint that specifies the principal place of business
of both parties, this order will not prevent NTH from contending, at a later stage of this case, that
either party's principal places of business is in a state other than that alleged.

mailing address provided no basis for court to ascertain principal place of business).[3]

Under our Circuit's total-activities test, "'[t]he question of a corporation's principal place of business is essentially one of fact, to be determined on a case-by-case basis, taking into account the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations.'"  *Century Business Servs., Inc. v. Bryant*, 69 F. App'x 306, 313 (6th Cir. 2003)) (quoting *Gafford v. GE Co.*, 997 F.2d 150, 161 (6th Cir. 1993)); *see, e.g., Collins v. Louisville Ladder, Inc.*, 2007 WL 1973551 (E.D. Ky. July 3, 2007) (applying "total activities" test to determine corporation's principal place of business).

Under this "total activities" test, a corporation's principal place of business is not necessarily the state where it has its main administrative or executive offices or other nominal "headquarters." *See Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 342 (6th Cir. 1976) (a corporation's headquarters "does not invariably govern the location of its principal place of business"); *see, e.g., Teal Energy USA*, 369 F.3d at 876-78 (district court did not clearly err in finding that plaintiff corporation's principal place of business was Texas, where almost all of its oil and gas development revenue was being earned at the time the complaint was filed, rather than in Canada, where its headquarters was located).

Thus, Poly-Flex must specifically allege the states in which it believes each party maintains its principal places of business, and provide underlying facts to support that allegation, both of

---

[3]

*Cf. American Motorists Ins. Co. v. American Employers Ins. Co.*, 600 F.2d 15, 16 (6th Cir. 1979) (for diversity purposes, it was not enough for the complaint to assert that the defendant corporation was "licensed to do business and doing business in Louisiana"), *cited by Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 880 n.30 (6th Cir. 2004); *accord Vays v. Ryder Truck Rental, Inc.*, 240 F. Supp.2d 263, 265 (S.D.N.Y. 2002) ("[I]t is not sufficient to allege that a corporation is licensed to do business in a state, or that it does business in a state.") (citation omitted).

-6-

which the current complaint fails to do. *Cf. Sinclair v. Bankers Trust Co. of Calif, N.A.*, 2005 WL 3434827, *2 n.1 (W.D. Mich. Dec. 13, 2005) (Quist, J.) ("In her complaint, Sinclair alleges that . . . she is a citizen of Michigan and that Bankers Trust is a California corporation. She does not allege that Bankers Trust's principal place of business is not in Michigan. If Bankers' Trust's principal place of business was in Michigan, then diversity of citizenship would not exist."). On the present record, the court cannot rule out the possibility that Poly-Flex is a citizen of the same state as NTH, and the court cannot simply assume that it is not. *See Tsesmelys v. Dublin Truck Leasing Corp.*, 78 F.R.D. 181, 182 (E.D. Tenn. 1976) ("[A]llegations of the citizenships of the parties . . . is of the essence of jurisdiction and, being so essential, their absence can neither be overlooked nor supplied by inference.") (citations omitted); *accord Royal Ins. Co. of America v. Caleb V. Smith & Sons, Inc.*, 929 F. Supp. 606, 608 (D. Conn. 1996) ("Allegations of complete diversity must be apparent from the pleadings.") (citing FED. R. CIV. P. 8(a)(1) and *John Birch Society v. NBC*, 377 F.2d 194, 197-99 (2d Cir. 1967)).

On the present complaint, then, Poly-Flex has not carried its burden of establishing the existence of federal jurisdiction, and the case is properly dismissed until and unless Poly-Flex corrects that defect. *See Cooper v. Cianfrocca*, 2001 WL 640808 (S.D.N.Y. June 7, 2001) ("The complaint is dismissed sua sponte for failure to allege facts sufficient to establish subject matter jurisdiction. 28 U.S.C. § 1332 requires that the parties be of diverse citizenship, not residence. Plaintiffs may file an amended complaint sufficiently alleging jurisdiction . . . on or before . . . .").[4]

---

[4]

*See also Levering & Garrigues Co. v. Morrin*, 61 F.2d 115, 121 (2d Cir.1932) (where plaintiff adequately alleged citizenship of individual defendants but not citizenship of defendant labor unions, the Court of Appeals reversed the grant of an injunction and remanded to the district court "with directions to dismiss the complaint without prejudice, for lack of jurisdiction, unless the plaintiffs shall amend to correct the jurisdictional defect."), *aff'd o.g.*, 289 U.S. 103 (1933);

**ORDER**

This action is **DISMISSED without prejudice for lack of subject-matter jurisdiction.**[5]

Plaintiff Poly-Flex Construction, Inc. **MAY FILE** an amended complaint that alleges facts sufficient to support federal jurisdiction, if at all, no later than Monday, April 14, 2008.

This does **NOT** constitute leave to amend the complaint in any other respect; such leave must be sought in the usual fashion.

The motion to dismiss filed by Defendant Neyer, Tiseo, & Hindo, Limited d/b/a NTH

---

*Carnegie, Phipps & Co. v. Hulbert*, 53 F. 10, 11 (8th Cir. 1892) (where complaint failed to allege citizenship of members of unincorporated-partnership, Court of Appeals reversed judgment in favor of defendants "for want of jurisdiction" and remanded case to district court "with directions to that court to dismiss it unless the plaintiff shall amend its complaint to show jurisdiction").

[5]

*Accord Century 21 Real Estate, LLC v. San Vicente Real Estate Servs., Inc.*, 2007 WL 2317093, *1 (S.D. Cal. Aug. 7, 2007) ("Because the complaint does not allege any facts necessary to establish complete diversity as required by 28 U.S.C. § 1332, it is dismissed for lack of subject matter jurisdiction. Plaintiff may amend the complaint by sufficiently alleging the citizenship of each of its members.") (citing 28 U.S.C. § 1653);

*Joaquin v. GEICO Gen. Ins. Co.*, 2007 WL 1821403, *1 (N.D. Cal. June 25, 2007) ("Joaquin fails to adequately allege the citizenship of GEICO. * * * Accordingly, the instant action is hereby dismissed for lack of subject-matter jurisdiction, with leave to amend.");

*Leica Microsys., Inc. v. Potter*, 2007 WL 1188199, *1 (D. Ariz. Apr. 20, 2007) ("The jurisdictional allegations regarding [three defendants] are inadequate as well since the Complaint only states the residency of each Defendant. * * * Plaintiff's Complaint. .. is dismissed for lack of subject matter jurisdiction, and the Plaintiff shall file an amended complaint properly stating a jurisdictional basis for this action no later than . . . . The Plaintiff's failure to timely comply with this order shall result in dismissal of this action without further notice.");

*Multi-M Int'l, Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992) ("It may be possible for plaintiff to correct the deficiencies noted in its allegation of diversity jurisdiction. * * * The complaint is dismissed sua sponte. Plaintiff is granted leave to file an amended complaint on or before . . . .").

Consultants [docket #9] is **DENIED without prejudice as moot.**  *See Edwards & Assocs., Inc. v. Atlas-Telecom Servs. USA, Inc.*, 2007 WL 30256, *8 (N.D. Tex. Jan. 4, 2007) ("[T]he plaintiff shall amend its petition to properly allege . . . the state(s) of citizenship of the corporate parties, and the basis for subject-matter jurisdiction. * * *  *All pending Rule 12 motions to dismiss are denied as moot.*  The defendants shall have leave, however, to reassert their motions . . . .") (emphasis added).[6]

This is a final and appealable order.

**IT IS SO ORDERED this 24th day of March 2008.**


/s/ Paul L. Maloney
Honorable Paul L. Maloney
United States District Judge

---

[6]

*Accord Wexco, Inc. v. IMC, Inc.*, 820 F. Supp. 194, 205 (M.D. Pa. 1993) ("No later than . . . , Plaintiffs shall amend their complaint to assert jurisdiction under diversity of citizenship. * * * *Once the amended complaint has been filed, Defendants are free to submit any appropriate motions* under the schedules outlined in the Federal and Middle District Rules.") (emphasis added).